THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SSAA VENTURES OPERATIONS CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.4:17-cv-00713 |
| | § | |
| MARKEL INSURANCE COMPANY, VERICLAIM, INC., AND CHRISTOPHER JAMES JAGGER, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT MARKEL INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

Defendant, Markel Insurance Company ("MIC"), files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

## I.
## INTRODUCTION

1. Plaintiff, SSAA Ventures Operations Corporation ("Plaintiff"), commenced this lawsuit on August 31, 2017, by filing Plaintiff's Original Petition ("Petition") in the 219th Judicial District Court of Collin County, Texas, Cause Number 219-04238-2017.

2. This lawsuit arises out of Plaintiff's claim for coverage under a commercial property insurance policy issued by MIC for storm damage purportedly sustained by Plaintiff's Richardson, Texas property during a weather event allegedly occurring on or about April 11, 2016. Plaintiff's Petition, which includes a jury demand, asserts several common law and statutory causes of action against Defendants MIC and Vericlaim, Inc.

3. In a transparent attempt to deprive this Court of diversity jurisdiction, Plaintiff's Petition also asserts causes of action against an in-state insurance adjuster – Christopher James

Jagger (“Jagger”) – for purported Unfair Settlement Practices under Section 541.060 of the Texas Insurance Code. But, as set forth below, Jagger has been improperly joined as defendant in this lawsuit, in that Plaintiff’s vague and conclusory allegations against Jagger fail to state a claim and provide no reasonable basis for recovery.

4. All Defendants were served with Plaintiff’s Petition no earlier than September 7, 2017, and, therefore, file this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

5. Jagger need not consent to removal as MIC contends Jagger was improperly joined.[1] However, to the extent necessary, Jagger consents to removal.

6. Vericlaim, Inc. also consents to this removal.

## II.
## BASIS FOR REMOVAL

7. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this district.

8. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys’ fees. These two conditions are satisfied in this matter.

### A. Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff, MIC, and VeriClaim.

9. Plaintiff is a Texas corporation with its principal place of business in Richardson, Texas.[2] Plaintiff is thus a citizen of Texas for diversity jurisdiction purposes.

---

[1] *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[2] *See* Plaintiff’s Original Petition at ¶1.

10. MIC is an Illinois insurance company with its principal place of business in Virginia. MIC is thus a citizen of Illinois and Virginia for diversity jurisdiction purposes.

11. Vericlaim, Inc. is a Delaware corporation with its principal place of business in Illinois. Vericlaim is thus a citizen of Delaware and Illinois for diversity jurisdiction purposes.

12. Jagger is a resident of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. As set forth below, there is no possibility that Plaintiff will be able to establish a cause of action against Jagger in this lawsuit. Jagger's citizenship should therefore be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff, MIC, and Vericlaim (now and on the date Plaintiff filed this lawsuit.)

### *(1) Plaintiff Improperly Joined Jagger as a Defendant to Defeat This Court's Jurisdiction.*

13. Improper joinder is established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[3] Here, the second alternative applies. Under this second approach, a defendant claiming improper joinder must show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[4] When a defendant is improperly joined, that defendant's citizenship must be disregarded for purposes of diversity jurisdiction.[5]

14. When evaluating a plaintiff's reasonable possibility of recovery, the Court may conduct "a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to

---

3 *Michels v. Safeco Ins. Co. of Indiana,* No. 13-50321, 544 Fed. Appx. 535, 538, 2013 WL 5935067, *3 (5th Cir. Nov. 6, 2013) (quoting *McKee v. Kan. City S. Ry. Co.*, 358 F.32d 329, 333 (5th Cir. 2004)).

4 *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004)).

5 *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

determine whether the complaint states a claim under state law against the in-state defendant."[6] And, if the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.[7] This analysis "necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, [550 U.S. 544, 547 (2007)]."[8]

15. Under a Rule 12(b)(6) analysis, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.[9] "Factual allegations must be enough to raise a right to relief above the speculative level."[10] Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.[11] Indeed, as the United States Supreme Court has stated, a pleading offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" is not sufficient and must be dismissed.[12] Finally, to pass muster under a Rule 12(b)(6) analysis, the factual allegations in a

---

[6] *Smallwood*, 385 F.3d at 573.

[7] *Id.*

[8] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

[9] *See Papasan v. Allian*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

[10] *Id.* (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

[11] *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

[12] *Ashcroft*, 556 U.S. at 678 (2009).

petition must state a claim for relief that is plausible on its face.[13] Plausibility requires more than a mere possibility; it calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct.[14]

16. Applying this standard to the present facts, it is clear Plaintiff's Petition fails to establish a reasonable possibility of recovery against Jagger. Indeed, rather than alleging specific facts against Jagger, which (if established) would lead to individual liability, Plaintiff's Petition consistently lumps together factual allegations and causes of action against ***both*** Vericlaim and Jagger or Vericlaim, Jager, and MIC.[15]

17. To the extent Plaintiff asserts claims against Jagger individually, Plaintiff's Petition sets forth only non-specific and conclusory allegations against Jagger, together with near-verbatim quotations of statutory provisions that Plaintiff contends Jagger violated.[16] Under well-settled Texas law, there can be no liability for violations of the Texas Insurance Code unless there is an *independent injury* to the plaintiff that is *separate* from the contractual damages arising from the

---

13 *See Twombly,* 550 U.S. at 565.

14 *See id.*

15 *See* Plaintiff's Original Petition at ¶19 ("Together, *Defendants*, set about to deny and/or underpay on properly covered damages. *Defendants* failed to provide full coverage for the damages sustained by Plaintiffs and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of *Defendants'* unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages.") (emphasis added); 17 (stating [VeriClaim and Jagger] misrepresented the extent of the loss by underestimating the cost of repair and failing to include damages owed to Plaintiff . . .). These collective allegations – which fail to identify any specific wrongdoing purportedly committed by each of the "Defendants" in this action – provide no basis for this Court to predict that Plaintiff might be able to recover against Jagger. *See, e.g., Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co*., No. 09-1728, 2009 WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009) (finding improper joinder where plaintiff's petition failed to delineate between claims against the insurer based upon the adjuster's conduct and those based upon the insurer's conduct alone); *see also Glen Willows Apartments v. Lexington, Ins. Co.*, No. H–10–2095, 2011 WL 1044206, at *3 (S.D. Tex. March 16, 2011) (holding that adjuster-defendants were improperly joined where plaintiff's "petition fail[ed] to allege any particular instance when [either adjuster-defendant] subjected himself to liability separate and apart from [insurer-defendant]").

16 *See* Plaintiff's Original Petition at ¶¶23-32.

carrier's alleged breach of contract.[17] Absent actual damages other than the unpaid policy benefits, there is no cause of action under Chapter 541 of the Texas Insurance Code.[18]At bottom, Plaintiff's Petition alleges nothing more than that Jagger violated Chapter 541 of the Texas Insurance Code. These "naked assertions devoid of further factual enhancement" are insufficient to permit recovery from Jagger under Texas law.[19]

18. Even if Plaintiff's Petition offered more than conclusory allegations and formulaic recitations of the causes of action asserted against Jagger, which it does not, Plaintiff's Petition would nevertheless fall short of establishing a viable cause of action against Jagger. Indeed, this Court has held – as a substantive matter – that individual insurance adjusters (like Jagger) cannot be held liable on the various statutory claims asserted against Jagger in Plaintiff's Petition.[20]

---

[17] *See, e.g., Charla D. Aldous, PC v. Lugo*, No. 3:13-CV-3310-L, 2014 WL 5879216, *4-6 (N.D. Tex., Nov. 12, 2014).

[18] *See, e.g., Messersmith v. Nationwide Mut. Fire Ins. Co.,* 7:12-cv-00133-O, 2014 WL 3406686 (N.D. Tex. July 14, 2014) (finding no reasonable possibility of recovery against an independent adjuster for, in part, lack of independent injury).

[19] *Ashcroft*, 556 U.S. at 678 (2009); *see also See Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)*; Patel v. Acceptance Indem. Ins. Company,* No. 4:15-CV-944-A, 2016 WL 361680, at *3 (N.D. Tex. Jan 28, 2016) (McBryde, J.) (holding that substantially similar allegations against in-state adjuster "[were] nothing more than mere conclusions," thus making the plaintiff's lawsuit "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster . . . in an effort to avoid removal of the case from state court to federal court"); *Weber Paradise Apartments, LP v. Lexington Ins. Co*., 2013 WL 2255256, at *8 (N.D. Tex. May 23, 2013) (Lindsay, J.) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("The mere recitation or paraphrasing of statutory provisions, absent at least a modicum of specificity, fails to meet Texas's [more lenient] 'fair notice' pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery."').

[20] *See, e.g., Gutierrez v. Allstate Fire and Casualty Ins. Co*., No. 3:17-CV-0636-D, 2017 WL 2378298, at *3-*4 (N.D. Tex. June 1, 2017) (Fitzwater, J.) (holding that adjuster-defendant was improperly joined because, in executing his duties as an adjuster, the adjuster-defendant could not be held liable for purported violations of Chapter 541 of the Texas Insurance Code); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 723-24 (N.D. Tex. 2014) (Solis, J.) (holding that adjuster-defendant was improperly joined because, in executing his duties as an adjuster, the adjuster-defendant could not be held liable for alleged violations of Section 542 of the Texas Insurance Code or the Texas Deceptive Trade Practices Act); *cf. Slabaugh v. Allstate Ins. Co.*, No. 4:15-CV-115, 2015 WL 4046250, at *4, 8-10 (E.D. Tex. June 30, 2015) (adopting Magistrate Judge's conclusion that adjuster-defendant was improperly joined because, in executing his duties as an adjuster, the adjuster-defendant could not be held liable for purported violations of Chapter 541 of the Texas Insurance Code or the

***(2) Plaintiff's Petition Bears a "Badge of Improper Joinder."***

19. Plaintiff's Petition not only fails to allege facts sufficient to permit recovery from Jagger in this lawsuit, but also bears a "badge of improper joinder" previously recognized by this Court.[21]

20. With respect to a badge of improper joinder, Plaintiff has no "plausible reason for suing [Jagger] other than to defeat diversity jurisdiction."[22] The core of Plaintiff's complaint in this lawsuit is that MIC undervalued Plaintiff's insurance claim and failed to pay benefits purportedly owed to Plaintiff under the MIC policy. There is no credible reason why a favorable judgment on Plaintiff's claims against MIC (if warranted) would fail to afford Plaintiff's full and complete relief. Nor is there any "suggestion that a recovery by [P]laintiff against [Jagger] would provide any financial gain to [P]laintiff."[23] It is thus clear that Plaintiff's claims against Jagger are intended solely to deprive this Court of jurisdiction.

**B. Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

21. If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Defendants' burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[24] .

22. Here, Plaintiff's Petition states that Plaintiff is "seeking monetary relief over

---

Texas Deceptive Trade Practices Act).

21 *See Plascencia v. State Farm Lloyds*, No. 4:14-CV-00524-A, 2014 WL 11474841, at *6-*7 (N.D. Tex. Sept. 25, 2014) (McBryde, J.) (identifying and discussing three "badges of improper joinder"); *cf. Whitesboro Inn and Suites v. United Fire & Cas. Co.*, No. 4:16-cv-87, 2016 WL 9131957, *4 (E.D. Tex. Apr. 26, 2016) (same).

22 *Plasencia*, 2014 WL 11474841 at *7.

23 *Id*. (quoting *Dougherty v. State Farm Lloyds*, No. 4:01-CV-611-A, 2001 WL 1041817, at *2 (N.D. Tex. Aug. 30, 2001) (McBryde, J.)).

24 *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

$200,000 but not more than $1,000,000."[25] It is thus facially apparent that Plaintiff's claim exceeds this Court's jurisdictional threshold of $75,000.

## III.
## CONCLUSION

23. Because Jagger was improperly joined as a defendant in this action, Jagger's citizenship should be disregarded for purposes of determining diversity jurisdiction. Accordingly, removal is proper because complete diversity of citizenship exists between Plaintiff, MIC, and Vericlaim, and the amount in controversy in this lawsuit exceeds $75,000.

24. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Collin County, Texas afterMIC'S filing of this Notice.

25. As required by 28 U.S.C. § 1446(a), and Local Rule CV-81, a copy of each of the following are attached to (or filed with) this Notice:

    a.     A list of parties in the case and their party type, attached hereto as **Exhibit A**;

    b.     A civil cover sheet, attached hereto as **Exhibit B**;

    c.     A copy of the state court docket sheet, attached hereto as **Exhibit C**;

    d.     A copy of Plaintiffs' Original Petition, attached hereto as **Exhibit D**;

    e.     A copy of Citation served on Defendant Markel Insurance Company by Certified Mail #92148901066154000111918122 on 09/07/17 and Filed on 09/08/17 as **Exhibit E**;

    f.     A copy of Citation served on Defendant Vericlaim, Inc. by Certified Mail #92148901066154000111918047 on 09/07/17 and Filed on 09/08/17 as **Exhibit F**;

    g.     A copy of Defendant's Original Answer with Affirmative and Other Defenses to Plaintiff's Original Petition, attached hereto as **Exhibit G**;

    h.     A List of Attorneys involved in the action, attached hereto as **Exhibit H**;

    i.     A record of which parties have requested trial by jury, attached hereto as **Exhibit I**; and

---

[25] *See* Plaintiff's Original Petition at ¶6.

    j.        The name and address of the court from which the case is being removed, attached hereto as **Exhibit J**.

26.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

27.     For the foregoing reasons, Defendant MIC hereby provides notice that this action is duly removed.

WHEREFORE, Defendant MIC requests that this action be removed from the 219th Judicial District Court of Collin County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Todd M. Tippett*
Todd M. Tippett – LEAD ATTORNEY
Texas Bar No. 24046977
TTippett@zelle.com
Walter W. Cardwell IV
Texas Bar No. 24094419
wcardwell@zelle.com

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone: 214-742-3000
Facsimile: 214-760-8994

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this Notice of Removal has been served this 5th day of October, 2017, pursuant to Federal Rules of Civil Procedure as follows:

Andrew A. Woellner
State Bar No. 24060850
awoellner@potts-law.com
THE POTTS LAW FIRM, PLLC
3737 Buffalo Speedway, Suite 1900
Houston, TX 77098
Telephone: 713-963-8881
Facsimile: 713-583-5388

**ATTORNEY FOR PLAINTIFF**

*/s/ Todd M. Tippett*
Todd M. Tippett