# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SSAA VENTURES OPERATIONS CORPORATION | § § § | |
| | § | Civil Action No. 4:17-CV-713 |
| v. | § | Judge Mazzant |
| | § | |
| MARKEL INSURANCE COMPANY, VERICLAIM, INC., AND CHRISTOPHER JAMES JAGGER | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff SSAA Ventures Operations Corporation's Motion to Remand (Dkt. #6). After reviewing the relevant pleadings and motion, the Court finds the motion should be denied.

## BACKGROUND

Plaintiff purchased an insurance policy issued by Markel Insurance Company ("Markel") insuring property located at 3521 North Star Road, Richardson, Texas (the "Property"). After a hail storm allegedly caused severe damage to the Property, Plaintiff submitted a claim to Markel. Markel assigned the claim to Vericlaim, Inc. ("Vericlaim"), who, in turn, assigned the claim to Christopher James Jagger ("Jagger") as the individual adjuster. Plaintiff alleges Markel, Vericlaim, and Jagger (collectively "Defendants") improperly evaluated and processed its claim. As a result, on August 31, 2017, Plaintiff filed its Original Petition (Dkt. #1, Exhibit 4) in Collin County District Court. Defendants filed their Original Answer (Dkt. #1, Exhibit 7) on September 29, 2017.

The citizenship of the parties in this lawsuit is not in dispute. Plaintiff is a Texas corporation with its principal place of business in Texas. Markel is an Illinois insurance company

with its principal place of business in Virginia.  Vericlaim is a Delaware corporation with its principal place of business in Illinois.  Jagger is Texas resident.

On October 5, 2017, Markel filed its Notice of Removal (Dkt. #1) alleging that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Additionally, Markel asserted that because Plaintiff improperly joined Jagger, the Court should dismiss Jagger as a party and ignore his citizenship for jurisdictional purposes.  Plaintiff filed its Motion to Remand (Dkt. #6) on November 9, 2017, arguing that it properly joined Jagger, and, therefore, federal jurisdiction is lacking.  Markel filed its Response (Dkt. #7) on November 21, 2017.

## LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction.  28 U.S.C. § 1441.  District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Weaver v. Zuirch Am. Ins. Co.*, No. H-10-1813, 2010 WL 3910053, at *1 (S.D. Tex. Oct. 1, 2010). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand."  *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).  A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

"When assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant." *Doucet v. State Farm Fire & Cas. Co.*, No. 1:09-CV-142, 2009 WL 3157478, at *4 (E.D. Tex. Sept. 25, 2009) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004)). A defendant who contends that a non-diverse party is improperly joined has a "heavy" burden of proof. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). "In making its determination, the court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Green*, 707 F.2d at 205.

"The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Tr.*, 313 F.3d at 312 (quoting *Green*, 707 F.2d at 205). After the court resolves all disputed questions of fact and ambiguities in controlling state law in favor of the plaintiff, it determines whether the plaintiff has any possibility of recovery against the party whose joinder is questioned. *Great Plains Tr.*, 313 F.3d at 312. If there is a reasonable basis for predicting that the state law might impose liability on the facts of the case, then there is no fraudulent joinder. *Id.* Additionally, "[t]he possibility of imposing liability must be reasonable, [] and not merely theoretical." *Stewart v. World Ins. Co.*, No. 4:06-CV-501, 2007 WL 2746796, at *2 (E.D. Tex. Sept. 19, 2007) (citing *Smallwood*, 385 F.3d at 573 n.9; *Great Plains Tr.*, 313 F.3d at 312; *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

A determination of improper joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). "[I]f a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citation omitted); *Smallwood*, 385 F.3d at 573. The court, however, must carefully distinguish an attack on the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity. *See Smallwood*, 385 F.3d at 573; *see also Gasch*, 491 F.3d at 284. However, the plaintiff must plead "enough facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There are cases in which a further summary inquiry is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573–74.

"When deciding whether a defendant has been improperly joined, a federal district court must apply the federal pleading standards." *Gutierrez v. Allstate Fire & Cas. Ins. Co.*, No. 3:17-CV-0636-D, 2017 WL 2378298, at *3 (N.D. Tex. June 1, 2017) (citing *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 207–08 (5th Cir. 2016)). "This standard requires the plaintiff to plead enough facts 'to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual context that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* at 679 (alteration omitted) (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Likewise, "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

"In evaluating a claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997); *see Guillory*, 434 F.3d at 308–09. "If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham…and is not fraudulent in fact or in law." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1981) (citation omitted). "If there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no fraudulent joinder," and the case must be remanded for lack of diversity. *Great Plains Tr.*, 313 F.3d at 312 (citation omitted); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res. Inc.*, 99 F.3d 746, 751 (5th Cir. 1996).

## ANALYSIS

The question for the Court is whether Markel has shown that Plaintiff has *no possibility* of establishing a valid cause of action against the non-diverse defendant, Jagger. Markel asserts that

Plaintiff improperly joined Jagger because "Plaintiff's vague and conclusory allegations against Jagger fail to state a claim and provide no reasonable basis for recovery." (Dkt. #1 at ¶ 3).

As explained above, the Court applies the federal pleading standard when conducting its 12(b)(6)-type analysis. *See Gutierrez*, 2017 WL 2378298, at *3. Further, the Court determines whether Plaintiff has set forth "specific actionable conduct" to support its claim against the non-diverse defendants. *King v. Provident Life & Accident Ins. Co.*, No. 1:09-CV-983, 2010 WL 2730890, at *4 (E.D. Tex. June 4, 2010) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)). "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the *factual fit* between the plaintiff's allegations and the pleaded theory of recovery." *Id.* (quoting *Griggs*, 181 F.3d at 701) (emphasis in original).

This means that the state-court petition must allege facts sufficient to establish the essential elements of each asserted cause of action. *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *Chemtreat, Inc. v. Chemtech Chem. Servs., LLC*, No. 1:07-CV-146, 2007 WL 4353420, at *5 (E.D. Tex. Dec. 7, 2007); *Omda Oil & Gas, Inc. v. Young Oil, Corp*, No. 3:06-CV-439M, 2006 WL 1343640, at *2 (N.D. Tex. May 17, 2006). Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant. *See Griggs*, 181 F.3d at 699. Additionally, merely asserting a laundry list of statutory violations without factual support as to how a non-diverse defendant violated the statute will not suffice. *Doucet*, 2009 WL 3157478, at *5. However, the joinder of an in-state, non-diverse defendant is proper as long as the plaintiff's petition contains factual allegations sufficient to render one of the statutory claims plausible. *Escaudra v. Geovera Speciality Ins. Co.*, 739 F. Supp. 2d 967, 985 (E.D. Tex. 2010).

Markel asserts that it removed this case to federal court based on improper joinder because Plaintiff failed to plead any reasonable basis for predicting that Plaintiff might be able to recover against Jagger. Plaintiff's state court petition pleads boilerplate language against Jagger, and does not allege any independent acts on its part supported by facts that would support alleged violations of the Texas Insurance Code. Plaintiff cannot rely upon a mere theoretical possibility of recovery. "To find a reasonable possibility that a Texas court would allow recovery against an insurance adjuster, the plaintiff must demonstrate that the adjuster, as an individual, committed the Texas Insurance Code violation…that caused the harm." *Green v. Nationwide Mut. Ins. Co.*, No. A-12-CV-600 LY, 2012 WL 5188031, at *5 (W.D. Tex. Oct. 17, 2012). Plaintiff's petition fails to provide any factual fit to its theory of recovery; it merely recites statutory language and states that Jagger violated it.

Although Plaintiff asserts that Jagger made numerous errors in estimating the value of Plaintiff's claims, which essentially amounted to an alleged underpayment of loss incurred by Plaintiff, its allegations do not help to establish each essential element of any state-law causes of action asserted against Jagger, the non-diverse defendant. The Court also finds that Plaintiff has not listed any "specific actionable conduct," by which its various causes of action would be supported. *See Griggs*, 181 F.3d at 699. Plaintiff merely asserts the statutory language from the Texas Insurance Code to support its claim for noncompliance. *See* TEX. INS. CODE § 541.060. Therefore, the Court finds that since Plaintiff failed to offer anything other than conclusory allegations to hold Jagger individually liable for any claim in the present action, Plaintiff improperly joined Jagger.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand (Dkt. #6) is hereby **DENIED**.

If is further **ORDERED** that Defendant Jagger be dismissed as improperly joined.

**SIGNED this 8th day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE